UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

MARCUS BLACK,

                Petitioner,

    -against-

ACTING SUPERINTENDENT J. JOHNSON,

                Respondent.

-----------------------------------------------------------------X

**ORDER**

20 Civ. 8725 (PMH)(JCM)

      Petitioner Marcus Black ("Petitioner") filed a *pro se* habeas petition pursuant to 28 U.S.C. § 2254, challenging his state court conviction following a jury trial in the County Court of Dutchess County, New York. (Docket No. 1) (the "Petition"). On or about July 14, 2023, Petitioner filed a motion requesting that the Petition be stayed and held in abeyance while he pursued a New York Criminal Procedure ("N.Y. C.P.L.") § 440.10 motion. (Docket Nos. 16–17). Respondent Acting Superintendent J. Johnson ("Respondent" or the "State") opposed this motion on July 28, 2023. (Docket No. 18). Subsequently, Petitioner filed a letter withdrawing his prior motion to stay the Petition, requesting instead to: (1) amend the Petition to add a sufficiency of the evidence claim; and (2) obtain an extension of time to submit his reply to Respondent's opposition to the Petition. (Docket Nos. 19-20). For the reasons set forth below, Petitioner's motion to amend is denied. Petitioner's request for an additional 30 days to submit his reply is granted.

I.      **BACKGROUND**

      The Court limits the background facts to those necessary to resolve the present application. Petitioner was charged by indictment on May 31, 2016. (*See* Docket No. 9-2). He pleaded not guilty and, after a jury trial, was convicted of Burglary in the Second Degree and

Criminal Possession of Stolen Property in the Fourth Degree. (Docket No. 9-19 at 473–74). Petitioner was sentenced to an indeterminate term of 25-years-to-life imprisonment for the burglary count and an indeterminate term of two-to-four years imprisonment for the criminal possession count. (Docket No. 9-27 at 13–14).

Petitioner appealed his conviction to the Supreme Court of the State of New York, Appellate Division, Second Judicial Department (the "Second Department"), on June 1, 2018. (Docket No. 9-28).  Petitioner raised the following claims on appeal, that: (1) his custodial statements were improperly admitted; (2) his sentence was excessive and cruel; and (3) the burglary conviction should be dismissed or reduced because the State failed to present sufficient evidence of his intent to commit the crime. (*Id.*).  The State opposed the appeal on July 18, 2018, (Docket No. 9-29), and Petitioner replied on July 25, 2018, (Docket No. 9-30).  By Decision and Order, dated January 14, 2019, the Second Department affirmed the judgment against Petitioner, but found that the sentence imposed was excessive. *People v. Black*, 100 N.Y.S.3d 77 (2d Dep't 2019).  Petitioner sought leave to appeal to the New York State Court of Appeals ("Court of Appeals") on May 16, 2019, (Docket No. 9-33), which the State opposed on June 19, 2019, (Docket No. 9-34).  Petitioner submitted a reply on June 25, 2019. (Docket No. 9-35).  The Court of Appeals denied Petitioner's application for leave to appeal on July 17, 2019. *People v. Black*, 33 N.Y.3d 1102 (2019).

After Respondent opposed the instant Petition, Petitioner submitted a motion requesting that the case be stayed and held in abeyance while he pursued a N.Y. C.P.L. § 440.10 motion for insufficient evidence to support his conviction. (Docket No. 17 at 1).[1]  The State opposed the

---

[1] It is not clear on the face of Petitioner's motion whether he was also seeking to amend the Petition to add an ineffective assistance of counsel claim, as the State contends in its response. (Docket No. 18 at 2-4).  However, Petitioner's subsequent letter makes clear that he is only seeking to amend the Petition to add a "claim of insufficiency of the evidence." (Docket No. 19).  Additionally, even if Petitioner was seeking leave to add an

motion, arguing that a § 440.10 motion is not the proper way to raise such a claim and, regardless, he had already raised it on direct appeal. (Docket No. 18). Petitioner then filed another letter withdrawing his prior request for a stay, instead requesting leave to amend the Petition to add a sufficiency of the evidence claim only. (Docket No. 19). The State opposed this application as well. (Docket No. 24).

## II. LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure ("Federal Rule"), made applicable to habeas proceedings by 28 U.S.C. § 2242, Federal Rule 81(a)(4), and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule"), "allow[] pleading amendments with 'leave of court' any time during a proceeding." *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (quoting Fed. R. Civ. P. 15(a)).[2] However, this rule is limited by the one-year statute of limitations period set forth by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1); *Mayle*, 545 U.S. at 654. Therefore, if an amendment is filed after AEDPA's limitations period has expired, a new claim is untimely unless it relates back to the claims in the original, timely petition. *Mayle*, 545 U.S. at 655 (citing Fed. R. Civ. P. 15(c)(2)). An amendment relates back to the original petition if it asserts new grounds for relief based on the same conduct, transactions, or occurrences as those claims in the

---

ineffective assistance of counsel claim, the request would be denied as untimely since the statute of limitations has expired and it does not relate back to the claims pleaded in the initial Petition. *See Geronimo v. Rushing*, Nos. 11-CV-1121 (CBA), 11-CV-2221 (CBA), 2014 WL 4678253, at *9 (E.D.N.Y. Sept. 19, 2014) (holding that "entirely new challenges" to prior state court proceedings "do not relate back to the [o]riginal [p]etition" merely because they "are all based on [the petitioner's] trial"); *see also* 28 U.S.C. § 2244(d)(1)-(2).

[2] If Petitioner does not have access to cases cited herein that are available only by electronic database, then he may request copies from Respondent's counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the *pro se* litigant with copies of such unpublished cases and other authorities as are cited in a decision of the Court and were not previously cited by any party.")

initial petition. *See Landri v. Smith*, 14-cv-9233 (NSR)(JCM), 2016 WL 828139, at *3 (S.D.N.Y. Feb. 29, 2016) (citing *Pierre v. Ercole*, 607 F. Supp. 2d 605, 608 (S.D.N.Y. 2009)).

Furthermore, leave to amend should be denied where the proposed new claim would be futile, either because it fails to comply with the aforementioned procedural requirements, or it lacks merit. *See, e.g.*, *Ortiz v. Heath*, No. 10-CV-1492 (KAM), 2011 WL 1331509, at *14 (E.D.N.Y. Apr. 6, 2011); *Hoover v. Senkowski*, No. 00 CV 2662 (SJ), 2003 WL 21313726, at *11–12 (E.D.N.Y. May 24, 2003); *see also Mayle*, 545 U.S. at 656 (Habeas Rule 4 mandates that a Court "'summarily dismiss'" a petition if "'it plainly appears . . . that the petitioner is not entitled to relief in the district court.'") (quoting Habeas Rule 4).

## III.   DISCUSSION

### A.   Motion to Amend

Petitioner argues that his insufficiency of the evidence claim is "meritorious," (Docket No. 17 at 1), and the Court should grant him leave to add it now since it was "raise[d] in [his] last 440.10 motion" and is now exhausted, (Docket No. 19).  In response, the State concedes that the claim is timely as it "arises out of the same transaction, conduct, or occurrence" as the initial Petition, but argues that it: (1) should have been included in the initial Petition since the claim was previously exhausted as part of Petitioner's direct appeal, and was not raised in his § 440.10 motion as he claims; and (2) is entirely meritless, so adding it now would be futile. (Docket No. 24 at 4).  However, the State fails to note that in responding to the initial Petition, it interpreted Petitioner's Ground III as a claim for insufficient evidence to support Petitioner's conviction for burglary. (Docket No. 10 at 56-64).  Therefore, since the State already responded to the claim Petitioner seeks to add, and habeas petitions must be construed broadly, *see Williams v. Kullman*, 722 F.2d 1048, 1051 (2d Cir. 1982) (holding that pleading requirements in habeas proceedings

should not be "overly technical and stringent"), the Court will construe the Petition to already include an insufficiency of the evidence claim.

Accordingly, Petitioner's motion for leave to amend to add this claim is denied, as granting leave to add a claim that is already in the Petition would be futile.

**B.   Request for Extension of Time to File Reply**

Petitioner's request for an "extra 30 days" to submit a reply to the State's opposition to the Petition is granted. (Docket No. 19).

**IV.   CONCLUSION**

For the foregoing reasons, Petitioner's motion for leave to amend the Petition is denied. Petitioner's request for an extension of time to file his reply is granted. Petitioner shall file his reply on or before October 30, 2023. The Clerk of Court is respectfully directed to terminate the pending motion (Docket No. 16), and mail a copy of this Order to the *pro se* Petitioner.

Dated:   September 28, 2023
         White Plains, New York

                                        SO ORDERED:

                                        _____
                                        JUDITH C. McCARTHY
                                        United States Magistrate Judge