UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCUS BLACK,

                Petitioner,

-against-

J. JOHNSON, Acting Superintendent,

                Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

20-CV-08725 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Marcus Black ("Petitioner") was convicted by a jury in the New York Supreme Court, Dutchess County of one count of Second-Degree Burglary in violation of New York Penal Law § 140.25(2) and one count of Fourth Degree Criminal Possession of Stolen Property in violation of New York Penal Law § 165.45(1). (Doc. 9-24 at 1). Petitioner was sentenced on March 30, 2017 to an indeterminate term of 25 years to life for Second Degree Burglary to run consecutively to his indeterminate term of 2 to 4 years for Fourth Degree Criminal Possession of Stolen Property. (*Id.* at 4). Petitioner appealed his conviction to the Supreme Court of the State of New York, Appellate Division, Second Judicial Department. (Doc. 9-28). The Second Department, on May 8, 2019, reduced Petitioner's sentence for Second Degree Burglary to 20 years to life, to run concurrently with his sentence for Criminal Possession of Stolen Property. (Doc. 9-32). Petitioner filed for leave to appeal the Second Department's decision to the New York Court of Appeals, which was denied on July 17, 2019. (Doc. 9-36).

      Petitioner filed the instant petition for writ of habeas corpus on October 10, 2020 pressing three arguments: (1) Petitioner's statements to the police on May 28, 2015 should be suppressed, (2) Petitioner's sentence is excessive, and (3) there is insufficient evidence to support Petitioner's burglary conviction. (Doc. 1, "Petition"). On November 19, 2020, the Court issued an Order of

Reference referring the Petition to Magistrate Judge Judith C. McCarthy. (Doc. 7). On March 14, 2024, Judge McCarthy issued a Report and Recommendation ("R&R") on March 14, 2024 recommending that the Petition be denied. (Doc. 32). The R&R advised, in pertinent part, as follows:

> Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts, the parties shall have fourteen (14) days from the receipt of this Report and Recommendation to serve and file written objections. If copies of this Report and Recommendation are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of the same to file and serve written objections.

(*Id*. at 26). Judge McCarthy warned that "[f]ailure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be rendered." (*Id*. at 27 (citing 28 U.S.C. § 636(b)(1)).[1] The Court entered an Order adopting the R&R on April 9, 2024, 26 days after the R&R was filed. (Doc. 33). Petitioner filed a letter on April 9, 2024 requesting an extension of time to file objections to the R&R, and the Court accordingly vacated the April 9, 2024 Order adopting the R&R and extended the deadline to file objections to May 11, 2024. (Doc. 35; Doc. 36). Petitioner filed a Notice of Appeal on May 14, 2024, which sought appellate review of the vacated April 9, 2024 Order.[2] (Doc. 37). Petitioner has not filed any objections to the R&R as of the date of this Order.

---

[1] A copy of the R&R was mailed to Petitioner on March 15, 2024. (*See* Mar. 15, 2024 Dkt. Entry).

[2] "The filing of a notice of appeal ordinarily divests the district court of jurisdiction over issues decided in the order being appealed." *Carroll v. Trump*, 88 F.4th 418, 433 (2d Cir. 2023) (citing *Mead v. Reliastar Life Ins. Co.*, 768 F.3d 102, 113 (2d Cir. 2014)). "The divestiture of jurisdiction rule is, however, not a *per se* rule" and "district courts may retain jurisdiction notwithstanding appeal if the appeal is frivolous." *Id.* (citing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 629 (2009); *United States v. Salerno*, 868 F.2d 524, 539-40 (2d Cir. 1989)). Petitioner's appeal of a vacated order is plainly frivolous, and as such, the Court's jurisdiction is not divested by Petitioner's pending appeal.

2

"A district court reviewing a magistrate judge's report and recommendation 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Antoine v. Warden*, No. 20-CV-05130, 2021 WL 4066654, at *1 (S.D.N.Y. Sept. 7, 2021) (quoting 28 U.S.C. § 636(b)(1)). "The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record." *Olivo v. Graham*, No. 15-CV-09938, 2021 WL 3271833, at *1 (S.D.N.Y. July 30, 2021) (citing *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

Upon a careful and complete review of the R&R, the Court finds no clear error in Judge McCarthy's thorough and well-reasoned analysis and adopts the R&R in its entirety for the reasons set forth therein. Consequently, the Petition is DENIED. Because reasonable jurists would not find it debatable that Petitioner has failed to demonstrate by a substantial showing that he was denied a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Clerk of the Court is respectfully directed to mail a copy of this Order to Petitioner and close this case.

**SO ORDERED:**

Dated: White Plains, New York
       July 2, 2024

_____
PHILIP M. HALPERN
United States District Judge